# Judge Hellerstein



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NAPEAN, LLC, | : |
| | : |
| Plaintiff, | :    08 Civ. _____ |
| v. | : |
| | :    **COMPLAINT** |
| SALES AUTOMATION SUPPORT, LLC, | : |
| Defendant. | :    Jury Trial Demanded |

Plaintiff NAPEAN, L.L.C. ("Plaintiff") by its attorneys, Sills Cummis & Gross, P.C., complaining of defendant SALES AUTOMATION SUPPORT, LLC ("Defendant"), respectfully alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 395 South End Avenue, Apt. 12E, New York, New York.

2.  Defendant, upon information and belief, is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3825 W. Green Tree Road, Milwaukee, Wisconsin.

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1338 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et. seq.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391 and §1400 because a substantial part of the events giving rise to the claim occurred in this district.

5.  Personal jurisdiction exists over Plaintiff since Plaintiff is doing business with this State and this judicial district.

6.  Upon information and belief, Defendant transacts business within this State and judicial district, through its website www.mobilemarketer.net, which , among other things, states that Defendant's "Sales Automation Support products and on-demand fulfillment services are used by sales forces in all 50 States and Canada." (Exhibit B).  Upon information and belief, Defendant contracts with customers in this State and judicial district to provide services including services under the mark MOBILE MARKETER.

7.  Additionally, there is personal jurisdiction over Defendant by reason of the assertion contained in Defendant's attorney's letter, dated May 19, 2008, sent to Plaintiff in this State and District, that Plaintiff's activities in this State and Judicial District infringe on Defendant's trademark.  (Exhibit A).

## FACTUAL BACKGROUND

8.  Plaintiff has a domain name registration for www.mobilemarketer.com and operates this website for the provision of electronic and print publications; e.g., magazines, books, newsletters, video magazines, blogs, newspaper, photographs; about marketing, commerce, content, media, technology or carriers.  Plaintiff's readers are professionals and entrepreneurs in the marketing, media and commerce industries interested in marketing their goods and services specifically through the medium of mobile communication devices such as cellular phones and Blackberry® type portable e-mail units, as well as assisting others in marketing goods and services.

9.     Plaintiff has applied to register its mark MOBILE MARKETER in the United States Patent and Trademark Office in classes 41 and 9, which application has been accorded Application Serial No. 77/303,020.

10.     Plaintiff is a publisher of news and information related to marketing, media and commerce involving mobile devices.

11.     Upon information and belief, Defendant is the owner of U.S. Trademark Registration No. 2662977 ("the '977 Registration", a copy of which is attached as Exhibit C) for the service mark MOBILE MARKETER in International Class 42 in connection with "Application service provider featuring software for database management and word processing in the field of customer relationship management."

12.     Upon information and belief, Defendant's application service provider services provided under the MOBILE MARKETER mark are offered to sales professionals seeking customer relations management software, software services and software hosting.

13.     By letter dated May 19, 2008, an attorney purporting to represent Defendant sent a letter to Plaintiff demanding Plaintiff cease use of the mark MOBILE MARKETER and abandon Application No. 77/303,220, because the mark allegedly infringed Defendant's MOBILE MARKETER mark.  Defendant also threatened further legal recourse if these demands were not met by May 30, 2008.  The May 19, 2008 Letter is attached hereto as Exhibit A.

## FIRST CAUSE OF ACTION
## NONINFRINGEMENT OF TRADEMARK

14.    Plaintiff repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

15.    Plaintiff's use of its MOBILE MARKETER mark in connection with the publishing of news and information related to marketing, media and commerce involving mobile devices does not infringe Plaintiff's MOBILE MARKETER mark for use in connection with "application service provider featuring database management and word processing in the field of customer relations management".

16.    Plaintiff does not use its MOBILE MARKETER mark in connection with nor is such use related to an application service provider services, the sales of software, software hosting or software services, database management services, word processing services, or customer relations management services.

17.    The consumers of Defendant's software services and software hosting services provided under Defendant's MOBILE MARKETER mark are different than the consumers of the goods and services provided under Plaintiff's MOBILE MARKETER mark.

18.    Plaintiff has not infringed and does not infringe Defendant's MOBILE MARKETER mark.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment declaring that Plaintiff's use of its MOBILE MARKETER mark in connection with the publishing of news and information related to marketing, media and commerce involving mobile devices does not infringe Plaintiff's MOBILE MARKETER mark, and for such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 28, 2008
       New York, New York

SILLS CUMMIS & GROSS P.C.

By: _____

    Mark J. Rosenberg
    Michael P. Kenney
    Philip Y. Braginsky
    One Rockefeller Center
    New York, NY 10020
    (212) 643-7000

    *Attorneys for Plaintiff*
    *Napean, LLC*

# Exhibit A



**BOYLE FREDRICKSON** INTELLECTUAL PROPERTY LAW    840 North Plankinton Avenue, Milwaukee, WI 53203  P: 414-225-9755  F: 414-225-9753  www.boylefred.com

MICHAEL J. GRATZ
DIRECT DIAL: 414-225-1666
mjg@boylefred.com

May 19, 2008

**VIA FEDERAL EXPRESS AND EMAIL**

Mir Maqbool Alam Khan
Mobile Marketer
401 Broadway, Suite 1408
New York, NY 10013

       Re:     Infringement of "MOBILE MARKETER"
              Ref. No.:  505.005

Dear Mr. Khan:

      This is our second attempt to contact you.

      I represent Sales Automation Support, Inc.  Sales Automation is the owner of U.S. Federal Trademark Registration No. 2,662,977 for the mark "MOBILE MARKETER".

      It has recently come to our attention that you are currently using the mark "MOBILE MARKETER" on your website and elsewhere in violation of my client's Federal Trademark Registration. It has also come to our attention that you filed your own application with the U.S. Patent and Trademark Office (USPTO) to obtain a registration on "MOBILE MARKETER".

      As my client believes it is being significantly harmed by the above-described use of the mark "MOBILE MARKETER", we demand that you immediately stop such use.  We also demand that you abandon your pending trademark application with the USPTO.

      You should know that under 15 U.S.C. 1117, an infringer of a registered U.S. trademark may be liable for its profits, the registrant's lost profits, and attorneys' fees and costs.

      Please comply with this demand no later than May 30, 2008 or my client will seek further legal recourse.

      Should you have any questions, please feel free to contact me.  Thank you.

                 Sincerely,

                 Michael J. Gratz

MJG:jj
cc:  Sales Automation Support, Inc.

{00170159.DOC /}

# Exhibit B

Sales Automation Support, INC. -- Company                                   Page 1 of 1

**COMPANY**

Company In the News | What Types of Sales Correspondence Can We Handle? | Mobile Marketer Test Driv
Our Software Provided Free of Charge | Rapid Deployment at Any Scale | Manage a One-to-One Campaign Any

## THE COMPANY

Sales Automation Support, Inc. is a leading manufacturer of Sales Support
Automation systems featuring on-demand sales document assembly and
fulfillment tools for today's highly mobile sales forces.

The company's unique combination of sales tools and same-day sales support
fulfillment services provides it's customers with accurate, timely, and highly
effective Sales Support Automation (SSA) capabilities. The Company's softwar
tools are easily accessible and easy to operate through virtually any Internet
connect-able device. This includes cellular phones, portable digital assistants,
computers and traditional computing devices.

Sales Automation Support products and on-demand fulfillment services are us
by sales forces in all 50 States and Canada.



Company In the News | What Types of Sales Correspondence Can We Handle? | Mobile Marketer Test Driv
Our Software Provided Free of Charge | Rapid Deployment at Any Scale | Manage a One-to-One Campaign Any



MOBILE MARKETER

"You Can't Sell Something to
Someone You're Not Talking To"

2002 SALES AUTOMATION SUPPORT, INC. / MADE BY NINJACAT

# Exhibit C

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,662,977
Registered Dec. 17, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## MOBILE MARKETER

SALES AUTOMATION SUPPORT, LLC (WISCON-
SIN CORPORATION)
3825 W. GREEN TREE
MILWAUKEE, WI 53209

FOR: APPLICATION SERVICE PROVIDER FEA-
TURING SOFTWARE FOR DATABASE MANAGE-
MENT AND WORD PROCESSING IN THE FIELD
OF CUSTOMER RELATIONSHIP MANAGEMENT,
IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 9-21-2001; IN COMMERCE 9-21-2001.

SER. NO. 76-374,030, FILED 2-25-2002.

SHAUNIA WALLACE, EXAMINING ATTORNEY